**Affirmed and Memorandum Opinion filed August 3, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00535-CR

## ROBERT PARKER FELTUS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 14-10-14845**

## M E M O R A N D U M   O P I N I O N

Appellant Robert Parker Feltus, Jr. challenges his conviction for continuous sexual abuse of a child. He asserts the record contains insufficient evidence to prove that he committed the abuse more than once, for a period of thirty days or more. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2013, when Ashley[1] was ten years old, Ashley's mother took her to see her regular nurse practitioner because Ashley was complaining of a medical condition. The nurse practitioner determined that the condition was a symptom of a sexually-transmitted disease and referred Ashley to the hospital for an evaluation. The doctor at the hospital diagnosed Ashley with the sexually-transmitted disease and asked Ashley if she had experienced any sexual abuse. Ashley denied any abuse. Ashley also denied being sexually active.

The following summer, when Ashley was eleven, she disclosed to her mother that appellant made her lick and suck his penis and that appellant touched her rectum and mouth with his penis. Ashley's mother immediately took Ashley to the police department, where Ashley told police officers of these incidents. Two police officers individually interviewed Ashley in two separate interviews. Ashley told the police officers that the episodes of sexual contact began when she was nine years old and continued up until the week before her outcry, when she was eleven. Ashley described the location of bumps on appellant's penis and rectum. Other evidence confirmed that appellant had bumps in those locations. Ashley detailed the same episodes of sexual contact with appellant in a forensic interview a few weeks later.

Appellant was charged with continuous sexual abuse of a child. The jury found appellant guilty as charged, and the trial court assessed appellant's punishment at confinement for life.

## SUFFICIENCY OF THE EVIDENCE

In his sole appellate issue, appellant asserts that the evidence is legally

---

[1] To protect the privacy of the child-complainant, we identify her by the pseudonym "Ashley."

insufficient to support his conviction because all of the evidence that appellant abused Ashley more than once, during a period of more than thirty days, came from Ashley or a witness testifying about Ashley's outcry.

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of "continuous sexual abuse of a child,"[2] as applicable to the case under review, if (1) during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is

---

[2] We note that despite the use of the word "continuous" in its title, the statute does not require nonstop, incessant, unbroken, or unceasing sexual abuse as use of the term "continuous" would suggest.

3

seventeen years of age or older and the victim is a child younger than fourteen years of age. Tex. Penal Code Ann. § 21.02(b) (West, Westlaw through 2017 R.S.). An "act of sexual abuse" is an act that violates one or more specified penal laws, including section 21.11(a)(1), entitled "Indecency with a Child," and section 22.021, entitled "Aggravated Sexual Assault." A person commits the offense of "indecency with a child" if the person "engages in sexual contact with the child or causes the child to engage in sexual contact." *See* Tex. Penal Code Ann. § 21.11(a)(1) (West, Westlaw through 2017 R.S.). A person commits the offense of "aggravated sexual assault" if the person intentionally or knowingly causes the penetration of the sexual organ of a child under the age of fourteen by any means. *See* Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i), (ii), (iii), (iv), (v), (a)(2)(B) (West, Westlaw through 2017 R.S.).

The indictment alleged that appellant intentionally or knowingly, from on or about November 4, 2011 through on or about October 13, 2013, a period thirty or more days in duration, committed two or more acts of sexual abuse against Ashley, namely aggravated sexual assault and indecency with a child by causing appellant's sexual organ to penetrate Ashley's mouth, with the intent to arouse or gratify appellant's sexual desire, engaging in sexual contact with Ashley by touching Ashley's genitals, causing the penetration of Ashley's anus with appellant's sexual organ, with the intent to arouse or gratify appellant's sexual desire, causing Ashley's hand to touch appellant's genitals, causing the penetration of Ashley's anus with appellant's finger, or causing the penetration of Ashley's sexual organ with appellant's tongue. The indictment alleged that Ashley was under the age of fourteen.

Ashley testified that appellant started touching her when she was nine. According to Ashley, appellant would touch her when her mother was at her

brother's baseball games and sometimes while her mother was at work and her brother was home. Ashley explained that appellant told her to suck his penis and that she did not want to do so. Ashley also testified that appellant put his mouth on her vagina, attempted to put his penis in her vagina, tried to put his penis in her rectum, put his finger in her anus, touched her breasts, and placed ice cream or ice in her vagina. Ashley testified that appellant touched her "a lot." According to Ashley, at appellant's direction, she sucked on his penis while he placed his mouth on her vagina and this activity occurred more than once.

The record shows that Ashley was ten years old in October 2013, when she received medical treatment for a sexually-transmitted disease. The nurse practitioner testified that she had treated Ashley for years but had never before seen symptoms of a sexually-transmitted disease. According to Ashley, she denied at the time that any inappropriate touching had occurred because appellant told her that if she told anyone what he had done, he would be taken away. At trial, however, Ashley testified that appellant had been engaging in the inappropriate touching in October 2013, and that he had been doing so for a long time before that. According to Ashley's trial testimony, the inappropriate touching began when she was nine and continued until she was eleven. Ashley's testimony indicated that she was nine on November 4, 2011 and that the episodes still were occurring on October 13, 2013, when she received the medical treatment for the sexually-transmitted disease.

Appellant acknowledges in his briefing that several witnesses testified that Ashley told them the episodes of sexual contact occurred more than once, for a period lasting longer than thirty days. But, appellant asserts that Ashley's testimony is insufficient to support the conviction and argues that testimony from witnesses relaying what Ashley told them about the incidents is legally insufficient

because their information came from Ashley.

Ashley's testimony alone is sufficient evidence that appellant sexually abused her on more than one occasion for a period greater than thirty days. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (West, Westlaw through 2017 R.S.) (permitting conviction under chapter 21 supported by the uncorroborated testimony of victim under certain circumstances present here); *Bautista v. State*, 474 S.W.3d 770, 776 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

Ashley testified at trial, giving a detailed account of incidents of sexual contact that occurred more than once for a period greater than thirty days. We conclude that sufficient evidence supports appellant's conviction.[3] *See Bautista*, 474 S.W.3d at 776.

We overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[3] Although appellant challenges only the evidence relating to the time period during which the sexual abuse was alleged to have occurred, we conclude that legally sufficient evidence supports all the elements of the offense.